1

2

3

4

5

6                               UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
7                                       AT SEATTLE

8    BRIAN F.,

9                        Plaintiff,              CASE NO. C18-5616-BHS

10        v.

                                                 REPORT AND RECOMMENDATION
11   NANCY A. BERRYHILL, Deputy                  RE: SOCIAL SECURITY DISABILITY
     Commissioner of Social Security for         APPEAL
12   Operations,

13                       Defendant.

14

15        Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of

16   the Social Security Administration (Commissioner).    The Commissioner denied Plaintiff's

17   application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law

18   Judge (ALJ).    Having considered the ALJ's decision, the administrative record (AR), and all

19   memoranda of record, the Court recommends that this matter be AFFIRMED.

20                            **FACTS AND PROCEDURAL HISTORY**

21        Plaintiff was born on XXXX, 1978.[1]  He has a GED and worked most recently as a combat

22

23        _____

          [1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

engineer in the U.S. Army.  (AR 219.)

Plaintiff applied for DIB in February 2015, alleging disability beginning July 16, 2012. (AR 180-83.)  His application was denied at the initial level and on reconsideration, and he timely requested a hearing.  (AR 114-16, 121-27.)

On November 20, 2015, ALJ Cynthia Rosa held a hearing, taking testimony from Plaintiff and a vocational expert (VE).  (AR 38-86.)  On February 26, 2016, the ALJ issued a decision finding Plaintiff not disabled.  (AR 18-33.)

Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on June 10, 2016 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court, which found error in the ALJ's finding that Plaintiff's migraine headaches were not severe and remanded the case for further proceedings.  (AR 1406-15.)

On remand, ALJ S. Andrew Grace held a hearing on February 15, 2018.  (AR 1345-70.) On April 3, 2018, the ALJ issued a decision finding Plaintiff not disabled.  (AR 1310-38.)  Plaintiff sought judicial review of this decision.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not worked since the alleged onset date.  (AR 1312.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's posttraumatic stress

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 2

1    disorder, major depressive disorder, migraines, lumbago and low back strain, tinnitus, pes

2    planus/valgoplanus, Achilles tendonitis and ankle weakness status-post history of anterior

3    talofibular ligament tear and tenosynovitis of the hallucis longus. (AR 1313-14.) Step three asks

4    whether a claimant's impairments meet or equal a listed impairment. The ALJ found that

5    Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 1314-16.)

6        If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

7    residual functional capacity and determine at step four whether the claimant demonstrated an

8    inability to perform past relevant work. The ALJ found Plaintiff able to perform light work, which

9    involves lifting/carrying 20 pounds occasionally and 10 pounds frequently, and standing and/or

10   walking for up to six hours in an eight-hour workday. The ALJ included additional limitations:

11   Plaintiff can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds.

12   He can occasionally balance, stoop, kneel, crouch, and crawl. He can perform simple, routine

13   tasks, in work that requires no contact with the public and no more than superficial contact with

14   co-workers. He must avoid concentrated exposure to hazards and greater than a moderate noise

15   level. (AR 1316.) With that assessment, the ALJ found Plaintiff unable to perform his past

16   relevant work. (AR 1336.)

17       The ALJ continued to step five of the sequential evaluation, where the burden shifts to the

18   Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work

19   that exists in significant levels in the national economy. With the assistance of the VE, the ALJ

20   found Plaintiff capable of performing other jobs, such as routing clerk, agricultural produce sorter,

21   and office helper. (AR 1336-37.)

22       This Court's review of the ALJ's decision is limited to whether the decision is in

23   accordance with the law and the findings supported by substantial evidence in the record as a

1    whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more

2    than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

3    mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750

4    (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's

5    decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

6    2002).

7         Plaintiff argues the ALJ erred in discounting the opinions of treating primary care physician

8    Eddie Wang, M.D. He asks that the ALJ's decision be reversed and his claim remanded for an

9    award of benefits or, in the alternative, for further proceedings. The Commissioner argues the

10   ALJ's decision is supported by substantial evidence and should be affirmed.

11                                    Medical Opinion Evidence

12        In general, more weight should be given to the opinion of a treating physician than to a

13   non-treating physician, and more weight to the opinion of an examining physician than to a non-

14   examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted

15   by another physician, a treating or examining physician's opinion may be rejected only for "'clear

16   and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).

17   Where contradicted, a treating or examining physician's opinion may not be rejected without

18   "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."

19   *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject

20   physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting

21   clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

22   F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating

23   her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather

1    than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

2        In this case, Dr. Wang completed checkbox form opinions in August 2015, January 2017,

3    and November 2017, indicating that Plaintiff's migraines had remained at the same frequency and

4    severity since February 2013. (AR 1597-1601.) According to Dr. Wang, since February 2013

5    Plaintiff experienced 2-4 migraines per week, which required him to rest in a darkened room for

6    hours afterward, and even when medication successfully controlled the migraines, the medication

7    made him sleep for five hours afterward. (*Id.*)

8        The ALJ's decision explains why he found that Plaintiff's allegations of limitations caused

9    by migraines, as well as Dr. Wang's opinions repeating those alleged limitations, were inconsistent

10   with the record. (AR 1318-20, 1334-35.) Specifically, the ALJ found that Plaintiff did not report

11   to his providers that he experienced migraines as frequently as he claimed, or that he described to

12   his providers the severe medication side effects he and Dr. Wang described. (AR 1318-20.) The

13   ALJ summarized Plaintiff's reports of migraines and found that after Plaintiff began using Imitrex

14   medication in August 2015, he did not continue to report frequent or long-lasting headaches. (AR

15   1319.) The ALJ also found that Plaintiff's activities (particularly his childcare responsibilities)

16   were inconsistent with his allegations of frequent debilitating migraines, as well as his allegations

17   of medication side effects. (AR 1319-20.) Lastly, the ALJ identified a discrepancy between

18   Plaintiff's headache log and his treatment record: on a day that Plaintiff claimed he had

19   experienced a headache that started at 8 a.m. and required him to rest until 2:50 p.m., treatment

20   records showed that Plaintiff attended a group counseling session from 9-10 a.m. and also met

21   with his psychiatric nurse practitioner. (AR 1320 (citing AR 1575, 1732-37).) The ALJ referenced

22   his earlier discussion of Plaintiff's migraine allegations when assessing Dr. Wang's opinions, gave

23   little weight to the opinions due to "insufficient evidence documentation of the level of migraine

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 5

1  claimed by Dr. Wang in the record[.]"  (AR 1335.)

2      Plaintiff argues that the ALJ merely speculated that because the treatment notes do not

3  document his reports of migraines as frequently as he or Dr. Wang claimed, that he was not actually

4  experiencing them at the alleged frequency. Dkt. 10 at 3.  This argument is not persuasive.  The

5  ALJ does not err in comparing a claimant's allegations of limitations with the treatment record to

6  determine whether the claimant consistently reported those limitations to providers.  *See, e.g.*,

7  *Greger v. Barnhart*, 464 F.3d 968, 972-73 (9th Cir. 2006) ("Because Greger did not report any

8  fatigue to his doctors during the relevant period, the ALJ properly limited the hypothetical to the

9  medical assumptions supported by substantial evidence in the record."); *McCawley v. Astrue*, 423

10  Fed. Appx. 687, 690 (9th Cir. Mar. 21, 2011) (affirming an ALJ's adverse credibility determination

11  based in part on the rejection of the claimant's "serious side effects from her medications because

12  she failed to complain to her treating psychiatrists of such side effects").  It is possible to interpret

13  the infrequent mentions of migraines in the treatment record to mean, as Plaintiff suggests, that

14  the headaches had "plateaued" in frequency (Dkt. 10 at 3), but it is not unreasonable to interpret

15  infrequent mentions to mean that the headaches occurred infrequently.  The ALJ's interpretation

16  is reasonable, and therefore should not be disturbed.  *See Sample v. Schweiker*, 694 F.2d 639, 642

17  (9th Cir. 1982) ("Where evidence is susceptible of more than one rational interpretation, it is the

18  ALJ's conclusion which must be upheld.  In reaching his findings, the law judge is entitled to draw

19  inferences logically flowing from the evidence.").  The ALJ's finding in this regard is supported

20  by substantial evidence and based on a reasonable interpretation of the record, and it is a specific,

21  legitimate reason to discount Dr. Wang's opinions indicating that Plaintiff experienced migraines

22  more frequently.

23      Plaintiff also argues that the ALJ overlooked the side effects associated with Plaintiff's use

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 6

of the headache medicine Imitrex.  Dkt. 10 at 4.  According to Plaintiff, the ALJ "simply ignore[d]" his need to sleep for five hours after taking Imitrex.  *Id.*  The ALJ did not ignore Plaintiff's alleged need to sleep for hours after taking Imitrex: the ALJ mentioned this specific allegation and explained that he discounted it because Plaintiff did not regularly report this side effect to providers and because this allegation was inconsistent with his activities, namely childcare.  (AR 1317, 1319-20.)  Plaintiff contends that he could engage in childcare activities when he was feeling well enough to do so, and that the ALJ merely speculated that he engaged in activities inconsistent with sleeping or resting for hours at a time during the day multiple times per week.  Dkt. 10 at 4.

Again, the ALJ's finding is not based on mere speculation.  The record indicates that Plaintiff sought increasingly more time with his children via modifications to his parenting plan, and that he also cares for his stepson during the day while his wife is at work, before and after school.  (*See* AR 1930, 2014.)  The ALJ reasonably found that Plaintiff's regular commitments to spend time with both his own children and his stepson suggested that his migraines did not cause as much disruption to his schedule as frequently as he alleged.  Furthermore, the ALJ noted the discrepancy between Plaintiff's migraine log and his activities, which also undermined the reliability of his migraine allegations, and the ALJ's findings with regard to that discrepancy are not disputed by Plaintiff.

Because the ALJ thoroughly discussed Plaintiff's allegations of limitations caused by migraines and provided multiple reasons to conclude that his migraines were less limited than either he described or Dr. Wang described, the ALJ did not err in discounting Dr. Wang's opinions.[2]

---

[2] The parties' briefing to some extent focuses on arguments not made by the ALJ for discounting either Plaintiff's allegations or Dr. Wang's opinions.  *See* Dkt. 11 at 4 (Commissioner's brief indicating

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 7

CONCLUSION

For the reasons set forth above, the Court recommends this matter should be AFFIRMED.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 5, 2019**.

DATED this 20th day of March, 2019.

Mary Alice Theiler
United States Magistrate Judge

---

that the record showed that Plaintiff had trouble sleeping, which contradicted his allegation of napping, and emphasizing that Plaintiff's nighttime migraines would not interfere with work); Dkt. 12 at 3-4 (disputing the Commissioner's points). The Court focuses on the reasons provided in the ALJ's decision. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency.").

Furthermore, to the extent Plaintiff argues that the ALJ did not comply with the court remand order to find Plaintiff's migraines severe and step two and reevaluate the impact of the migraines at subsequent steps in the sequential evaluation, this argument is not persuasive. That the ALJ's discussion of migraines represented but a fraction of the entire decision (Dkt. 10 at 2) does not establish that the ALJ failed to fully reconsider that impairment.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 8